103 F.3d 119
 1997 Copr.L.Dec. P 27,593
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RICHMOND HOMES MANAGEMENT, INCORPORATED, Plaintiff-Appellee,
v.
RAINTREE, INCORPORATED; Jared L. Lake; Sunset Investments,
Incorporated, Defendants-Appellants.
 No. 96-1035.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 17, 1996.
Decided Dec. 10, 1996.
 
 George H. Dygert, DYGERT & HEMENWAY, Charlottesville, Virginia, for Appellants. Thomas O. Bondurant, Jr., BONDURANT & BENSON, Richmond, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Raintree, Inc., Sunset Investments, Inc., and Jared L. Lake (collectively "Raintree"), appeal from the district court's judgment following remand by this court[1] recalculating the damages award to Richmond Homes Management, Inc. ("RHMI"), based on the finding that Raintree infringed the copyright on an architectural design owned by RHMI (the "Louisa copyright").[2] In our prior opinion, we found that with the exception of the district court's original inclusion of damages resulting from the infringement of the copyright we determined was not owned by RHMI (the "Heritage copyright"), the district court's calculation of damages in this case was sound. We also held that the Heritage and Louisa copyrights could not be merged as derivative creations of the same owner. Finally, we held that on remand, damages were to be determined based only on the thirteen homes that infringed on the Louisa copyright.
 
 
 2
 On remand, the district court recalculated the damages award to exclude any alleged damage resulting from the Heritage copyright. On appeal, Raintree claims that the district court clearly erred because it failed to reduce the damage award on remand based on the derivative influence of the non-owned copyright.
 
 
 3
 We find the district court's recalculation of damages on remand to be consistent with the prior opinion of this court. Accordingly, we affirm the district court's order, and specifically, its imposition of joint and several liability on behalf of RHMI in the amount of $199,848 for infringement of RHMI's Louisa copyright. We deny Raintree's motions for expedited review, and for attorneys' fees pursuant to Fed.R.Civ.P. 11. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 See Richmond Homes Management, Inc. v. Raintree, Inc., No. 94-2214(L) (4th Cir. Sept. 18, 1995) (unpublished)
 
 
 [2]
 This court reversed and remanded in part the district court's original finding that Raintree infringed the copyrights on two architectural designs, concluding that RHMI failed to prove that it owned one of the copyrights at issue. Id. The relevant facts are set forth fully in this court's prior opinion and will not be repeated here